UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PROGRESSIVE NORTHWESTERN INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.: 2:18-cv-04243-NKL ) |
| DERRICK BURNETT, et al., | ) ) |
| Defendants. | ) |

## **JUDGMENT**

Pending before the Court is Plaintiff Progressive Northwestern Insurance Co.'s motion for summary judgment against defendants Travis Bush and Laquent Palmer. Doc. 38. For the following reasons, the motion is granted.

This case arises out of a vehicle collision that occurred at approximately 11:36 p.m. on July 14, 2018 in Columbia, Missouri involving Defendants Derrick Burnett, Jeanette Allen, Lorell Lawhorn, Courtney Lawhorn, Javion Lawhorn, Travis Bush, Laquent Palmer and Dakota Fogle.[1] Doc. 1 (Complaint). Plaintiff Progressive Northwestern Insurance Company seeks a declaratory judgment regarding any duty it has to indemnity and defend under the liability provisions of its insurance policy with Allen. *Id.* at ¶ 14.

A motion for summary judgment permits a party to obtain a judgment without proceeding to trial. On motion, a court must grant summary judgment when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[1] Default Judgment was entered against defendants Derrick Burnett, Jeanette Allen, Lorell Lawhorn, Javion Lawhorn and Courtney Lawhorn. Doc. 40.

1

law." Fed. R. Civ. P. 56(a). Typically, the moving party submits a statement of facts that support judgment in the movant's favor, and any opposing party responds by admitting or denying those facts. *See* Fed. R. Civ. P. 56(c). Local Rule 56.1 additionally provides that "[u]nless specifically controverted by the opposing party, all facts set forth in the statement of the movant are deemed admitted for the purpose of summary judgment." *See Jones v. United Parcel Service, Inc.*, 461 F.3d 982, 991 (8th Cir. 2006) (affirming district court's discretion under W.D. Mo. R. 56.1); *see also* Fed. R. Civ. P. 56(e)(2).

Neither Mr. Bush nor Mr. Palmer responded to or contested Progressive's statement of facts or filed opposition of any kind to Progressive's motion. Thus, all admissible facts asserted by Progressive are deemed admitted by Defendants,[2] and the Court adopts the Statement of Uncontroverted Material facts submitted by Progressive. Doc. 39, pp. iv–xiv.

These facts establish that Progressive is entitled to judgment as a matter of law.[3] The Progressive Policy only affords liability coverage for injury or damage resulting from an "accident," specifically excludes coverage for damage or injury resulting from intentional or criminal acts, including fraud or misrepresentation, and requires persons seeking coverage to fully cooperate with Progressive during its investigation. Doc. 38-1 (Policy), pp. 9–10, 33.

The uncontested evidence submitted by Progressive shows that July 14, 2018 collision was staged, and therefore not an "accident," which courts generally define as "an event that takes place

---

[2] Additionally, neither Mr. Bush nor Mr. Palmer responded to Progressive's discovery requests served on or around April 17, 2019, including Progressive's Requests for Admissions. Given defendants' failure to timely respond, the Requests for Admissions are deemed admitted in full by the corresponding defendant. Fed. R. Civ. P. 36(a)(3).

[3] As this motion is unopposed, the Court adopts the legal analysis set forth in Progressive's suggestions in support. Doc. 39. However, given the *pro se* status of the Defendants, the Court also provides a short explanation of that analysis and its legal conclusions.

without one's foresight or expectation." *West v. Jacobs*, 790 S.W.2d 475, 477 (Mo. Ct. App. 1990). Moreover, the uncontested facts show that the Defendants staged the collision with the intention of committing insurance fraud, which is a criminal act. *See* Mo. Rev. Stat. § 375.991 (criminalizing the act of knowingly making a statement or submitting documentation which contains material false information as part of an insurance claim). Finally, the uncontested facts show that Defendants also misrepresented information, made false statements regarding the nature and circumstances of the collision, and failed to cooperate with Progressive during its investigation.

Therefore, no liability coverage under the Policy applies to the July 14, 2018 collision.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

1. That the Progressive Policy which is the subject of this action does not provide coverage regarding any claim by Defendants Bush and Palmer arising out of the July 14, 2018 collision;

2. Plaintiff Progressive has no duty to defend or indemnify Defendants Bush and Palmer for any damages which may be claimed by or awarded to any of the Defendants as a result of claims arising from the July 14, 2018 collision.

**IT IS SO ORDERED.**

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: August 27, 2019
Jefferson City, Missouri